UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL OUTDOOR, INC.,

        Plaintiff,

vs.

        Case No. 17-10335
        HON. GEORGE CARAM STEEH

CITY OF TROY,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION (DOC. 12)

Plaintiff International Outdoor, Inc. filed a complaint alleging that defendant City of Troy violated the First Amendment. (Doc. 1). Defendant filed a motion to dismiss on March 7, 2017. (Doc. 6). The Court issued an order granting in part and denying in part defendant's motion to dismiss on June 30, 2017. (Doc. 10). This matter is presently before the Court on defendant's motion for reconsideration of that order. (Doc. 12).

**I. Legal Standard**

E. D. Mich. LR 7.1(h)(3), which governs motions for reconsideration, provides:

>Generally, and without restricting the court's
>discretion, the court will not grant motions for

- 1 -

> rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case"). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). It is well established, however, that "a motion for reconsideration is not properly used as a vehicle . . . to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). *See also Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003).

## II. Analysis

**A. Prior Restraint**

Preliminarily, the Court shall address defendant's interpretation of the Order's conclusion. Defendant repeatedly asserts that the Court determined that the Ordinance is an unconstitutional prior restraint. Defendant's interpretation is misguided. The Court did not rule that the Ordinance is an unconstitutional prior restraint. It merely concluded that plaintiff had not failed to state a claim upon which relief could be granted. Judgment has not been entered in favor of the plaintiff regarding Count I and defendant may continue to litigate this issue by means of a motion for summary judgment or trial.

Defendant makes several allegations of error in the Court's analysis of the criteria in section 85.01.08(B)(1). First, it argues that the Court erred by "analyz[ing] the appellate or sign permit variance process instead of focusing on the initial sign application review." (Doc. 12 at PageID 408). Defendant asserts that the initial sign application review, which determines whether a proposed sign exceeds the specified height, size, and setback limitations, does not empower the Troy Zoning Administrator with any discretion. While this may be true, plaintiff did not challenge the initial sign application review alone. The complaint alleges that the entirety of Chapter

85 of the Sign Ordinance is unconstitutional. (Doc. 1 at PageID 10). Moreover, the complaint specifically alleges that "Chapter 85 of the Sign Ordinance unconstitutionally grants unfettered discretion to Troy's Building Code Board of Appeals because it does not contain narrow, objective, and definite standard to guide the decision of the Building Code Board of Appeals." (Doc. 1 at PageID 10). As such, it was proper for the Court to analyze the variance process.

Second, defendant asserts that Count I should be dismissed because the Ordinance's variance criteria are substantially similar to a Michigan statute and case law permitting zoning variances. It seeks to relitigate whether the Ordinance's variance provision gives the Board of Appeals unbridled discretion to grant variances. This issue was expressly ruled upon in the Court's order. Defendant's argument is inappropriate at this stage. E.D. Mich. LR 7.1(h)(3) ("the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."). Moreover, while defendant now relies on new citations to Mich. Comp. Laws § 125.3604 and additional case law, defendant could have referenced these sources in its previous motion. *Smith*, 298 F. Supp. 2d at 637 ("a motion for reconsideration is not properly used as a vehicle . . . to

advance positions that could have been argued earlier but were not."). Finally, defendant's citations do not alter the Court's analysis.

Mich. Comp. Laws § 125.3604 permits the availability of variances for practical difficulties or unnecessary hardship. It does not, however, illustrate that defendant's Ordinance is constitutional. The statute does not set forth requirements governing a zoning board of appeals, but instead notes that each local unit of government's "ordinance shall establish procedures for the review and standards for approval of all types of variances." Mich. Comp. Laws § 125.3604(7). The Court must, therefore, address the specific procedures and standards included in defendant's Ordinance.

Further, *Norton Outdoor Advertising, Inc. v. Pierce Township*, No. 1:05cv401, 2007 WL 1577747 (S.D. Ohio May 30, 2007), *Midwest Media Property, L.L.C. v. Symmes Township, Ohio*, No. 1:04-CV-604, 2006 WL 2347489 (S.D. Ohio May 22, 2006), and *International Outdoor, Inc. v. City of Roseville*, No. 313153, 2014 WL 1778381 (Mich. Ct. App. May 1, 2014) are distinguishable. These courts did not uphold the challenged ordinances merely because they required the applicant to show a practical difficulty or unnecessary hardship. Instead, the courts analyzed the evidence presented in each specific case in light of the entire variance provision;

none of which appear substantially similar to 85.01.08(B)(1). As such, it is inappropriate to apply the conclusions these courts reached when addressing motions for summary judgment to the matter presently before the Court.

Third, defendant erroneously interprets the Order's statement that the Ordinance does not identify how the Board of Appeals determines whether the three criteria in 85.01.08(B)(1) are met. It is clear that the applicant bears the burden to satisfy these criteria. But it is not clear what an applicant must show to satisfy this burden. The Board of Appeals does not define general concepts like "public interest," "adverse[ ] affect," "hardship" and "practical difficulty." Moreover, it is unclear whether an applicant will receive a variance even if they establish a showing of all of these criteria. Public hearings and appeals do not remedy this lack of clarity. As such, the Court concluded that plaintiff had sufficiently alleged that the provision was not narrow, objective, and definitive.

For the reasons stated above, defendant's arguments to reconsider the Court's analysis regarding the criteria in section 85.01.08(B)(1) fail.

Defendant also challenges the Court's analysis regarding time limits. In its motion to dismiss, defendant argued that time limits were not applicable to the content neutral Ordinance. Defendant now argues, for the

first time, that the Ordinance is valid because it imposes time restrictions. Defendant does not cite to language within the Ordinance, but rather, Mich. Comp. Laws § 125.1514(1), which states:

> A construction board of appeals for each governmental subdivision shall hear the appeal and render and file its decision with a statement of reasons for the decision with the enforcing agency from whom the appeal was taken not more than 30 days after submission of the appeal.

"[A] motion for reconsideration is not properly used as a vehicle . . . to advance positions that could have been argued earlier but were not." *Smith*, 298 F. Supp. 2d at 637. The Court therefore rejects defendant's argument to reconsider the analysis regarding time limits. Defendant may subsequently raise this argument if it chooses to file a motion for summary judgment, which grants plaintiff the opportunity to respond.

**B. Severability**

Defendant argues that the Court incorrectly determined that Section 85.01.08(B)(1) is not severable. Defendant asserts that the provision should be severed because, in 2005, when defendant first adopted a sign ordinance, it included a severability clause stating that if any section of the ordinance is held invalid, the remaining portion shall remain in full force and effect. (Doc. 6-1 at 155). The current Ordinance, however, does not contain a severability clause. The decision to repeal this language may be

reasonably interpreted to support the idea that the City of Troy no longer wanted an invalid or unconstitutional provision to be severed. As such, defendant's argument does not demonstrate palpable error.

Defendant also argues that failing to sever this provision makes the entire Ordinance invalid, which is erroneous because it severely prejudices the public interest. The Court has not ruled that the entire Ordinance is invalid. The Court's June 30, 2017 Order merely concludes that Count I does not fail to state a claim upon which relief can be granted. As such, defendant's prejudice argument fails.

### III. Conclusion

For the reasons stated above, defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: December 20, 2017

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 20, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---