UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL OUTDOOR, INC.,

        Plaintiff,

vs.

        Case No. 17-10335
        HON. GEORGE CARAM STEEH

CITY OF TROY,

        Defendant.
_____/

OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (DOC. 26) AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 29)

Before the court are the parties' cross-motions for summary judgment, which have been fully briefed. The court heard oral argument on January 16, 2019, and took the matter under advisement. For the reasons explained below, Plaintiff's motion is denied and Defendant's motion is granted.

BACKGROUND FACTS

Plaintiff, International Outdoor, Inc., challenges the constitutionality of the City of Troy's sign ordinance under 42 U.S.C. § 1983. The court previously dismissed Count II of Plaintiff's complaint, which alleged that the sign ordinance was an unconstitutional regulation based upon content. *See*

Doc. 10. The only remaining cause of action is Count I, which alleges that the sign ordinance's variance process creates an unconstitutional prior restraint on speech.

Plaintiff is an outdoor advertising company that erects billboards. The City of Troy regulates billboards and other signs through Chapter 85 of its Code of Ordinances ("Sign Ordinance"). *See* Doc. 26-3. The purpose of the Sign Ordinance is to "control the occurrence and size of signs in order to reduce . . . negative effects" such as undue distractions, traffic hazards, and the reduction of property values. § 85.01.01(B). Section 85.01.04(A) of the Sign Ordinance requires a permit for each sign, unless it meets one of several enumerated exceptions. Billboards are considered "ground signs," which are defined as "[a] freestanding sign supported by one or more uprights, braces, or pylons located in or upon the ground and not attached to any building." § 85.01.03. Ground signs are subject to specific zoning district regulations outlined in section 85.02.05(C). These regulations limit a sign's size, height, and location. Pursuant to section 85.01.08(B)(1), Troy's Building Code Board of Appeals may grant a variance to signs that do not comply with the requirements of the Sign Ordinance:

> The Board of Appeals has the power to grant specific variances from the requirements of this Chapter, upon a showing of each of the following:

a. The variance would not be contrary to the public interest or general purpose and intent of this Chapter; and
   b. The variance does not adversely affect properties in the immediate vicinity of the proposed sign; and
   c. The petitioner has a hardship or practical difficulty resulting from the unusual characteristics of the property that precludes reasonable use of the property.

§ 85.01.08(B).

Plaintiff sought to erect two digital billboards on property it leases in Troy. Because the proposed signs exceeded the Sign Ordinance's size and height limitations, Plaintiff sought a variance. At a special meeting on November 18, 2015, the Troy Building Code Board of Appeals denied Plaintiff's request because "[t]he applicant has not proved the variance would not be contrary to the public interest or general purpose and intent of Chapter 85"; "[t]he applicant has not proved the variance does not adversely affect properties in the immediate vicinity"; and "[t]he applicant has not proved a hardship or practical difficulty." Doc. 28-8. Subsequently, Plaintiff filed this action challenging the constitutionality of the ordinance.

## LAW AND ANALYSIS

I. Standard of Review

The parties each seek summary judgment with respect to Count I of Plaintiff's complaint, which alleges that the Sign Ordinance violates the

First Amendment because it creates an impermissible prior restraint on speech. Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

II. Mootness

Defendant contends that Plaintiff's claim is now moot, because the City of Troy amended the variance provision effective October 1, 2018, to provide additional standards for and limits on granting variances. *See* Doc. 28-15 (amended ordinance) at § 85.01.08(B). Plaintiff concedes that the amended ordinance renders its claims for declaratory and injunctive relief moot. Plaintiff argues, however, that its claim for monetary relief arising from the application of the prior Sign Ordinance and variance process is not moot.

Claims become moot "when the issues presented are no longer 'live' or parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1978) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). In the context of zoning cases, the Sixth Circuit has held that a change in the law renders moot claims for declaratory and injunctive relief, but not claims for monetary damages:

> In most cases, the repeal or amendment of a law moots challenges to the original law. But, in this

> case, plaintiffs sought money damages arising from the township's failure to approve their nine sign applications. The existence of this damages claim preserves the plaintiffs' backward-looking right to challenge the original law and to preserve a live case or controversy over that dispute.

*Midwest Media Prop. LLC v. Symmes Twp., Ohio*, 503 F.3d 456, 460-61 (6th Cir. 2007) (citation omitted). *See also Brandywine, Inc. v. City of Richmond, Kentucky*, 359 F.3d 830, 836 (6th Cir. 2004). Consistent with this authority, Plaintiff's damages claim is not moot.

    III.    <u>Prior Restraint under the First Amendment</u>

Under the First Amendment, the government "shall make no law . . . abridging the freedom of speech. . . ." U.S. Const. amend. I.[1] "A prior restraint is any law 'forbidding certain communications when issued in advance of the time that such communications are to occur.'" *McGlone v. Bell*, 681 F.3d 718, 733 (6th Cir. 2012) (quoting *Alexander v. United States*, 509 U.S. 544, 550 (1993)). "Any system of prior restraints of expression [bears] a heavy presumption against its constitutional validity, and a party who seeks to have such a restraint upheld thus carries a heavy burden of showing justification for the imposition of such a restraint." *County Sec.*

---

[1] The First Amendment applies to states and their political subdivisions through the Fourteenth Amendment's Due Process Clause. *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 489 n.1 (1996).

- 5 -

*Agency v. Ohio Dep't of Commerce,* 296 F.3d 477, 485 (6th Cir. 2002) (quoting *New York Times Co. v. United States,* 403 U.S. 713, 714 (1971)).

The Supreme Court has recognized "two evils that will not be tolerated." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 225 (1990). "First, a scheme that places 'unbridled discretion in the hands of a government official or agency.'" *Id.* (quoting *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 757 (1988)). Laws "'subjecting the exercise of First Amendment freedoms to the prior restraint of a license' must contain 'narrow, objective, and definite standards to guide the licensing authority.'" *Forsyth Cty., Ga. v. Nationalist Movement*, 505 U.S. 123, 131 (1992) (quoting *Shuttlesworth v. City of Birmingham Ala.,* 394 U.S. 147, 150–151 (1969)). "The reasoning is simple: If the permit scheme involves appraisal of facts, the exercise of judgment, and the formation of an opinion by the licensing authority, the danger of censorship and of abridgment of our precious First Amendment freedoms is too great to be permitted." *Id.* (internal quotations and citations omitted). "Second, a prior restraint that fails to place limits on the time within which the decisionmaker must issue the license is impermissible." *FW/PBS, Inc.*, 493 U.S. at 226 (internal citations omitted).

The Sign Ordinance imposes a prior restraint because the right to display a sign depends on Defendant's approval, in either the form of a permit from the Troy Zoning Administrator, or a variance from the Troy Building Code Board of Appeals. Plaintiff alleges that this prior restraint grants unbridled discretion to the Building Code Board of Appeals because the standards for granting a variance contain criteria – such as "public interest," "adverse[] affect," "hardship," and "practical difficulty" – that are vague and undefined. § 85.01.08(B)(1). In addition, even if the Board finds that these standards are met, it retains the discretion to deny the variance. *See id.* (granting the Board the "power" to grant a variance).

The court agrees that the variance provision does not contain "narrow, objective, and definite standards" to guide the Building Code Board of Appeals. *See Forsyth Cty.*, 505 U.S. at 131. The ordinance provides no guidance or limit on the Board's ability to determine whether a variance is "not contrary to the public interest or general purpose and intent of this Chapter"; whether it would "adversely affect" properties in the vicinity; or whether the petitioner has demonstrated a sufficient "hardship or practical difficulty" based upon "unusual characteristics" of the property. *See* § 85.01.08(B)(1). *See also* Mitchell Grusnick Dep. at 26-27, 30-32, 38. These subjective standards provide latitude for the Board to potentially

reject signs based upon content, under the guise of acting in the "public interest." *See Macdonald Advertising Co. v. City of* Pontiac, 916 F. Supp. 644, 650 (E.D. Mich. 1995) ("[T]here is nothing in the ordinance 'standards' which insures that the Commissioners' discretionary licensing decision will not be based on speech content. Therefore, the ordinance is facially invalid."). Moreover, the ordinance does not require the Board to grant a variance if it finds that the standards are met, adding another layer of discretion.

Defendant argues that some courts have upheld similar standards as valid. The cases that Defendant cites for this proposition are distinguishable, however. *See Norton Outdoor Advertising, Inc. v. Pierce Twp.*, 2007 WL 1577747 (S.D. Ohio May 30, 2007); *Midwest Media Property, L.L.C. v. Symmes Twp., Ohio*, 2006 WL 2347489 (S.D. Ohio May 22, 2006); *International Outdoor, Inc. v. City of Roseville*, 2014 WL 1778381 (Mich. App. May 1, 2014). Although these cases considered ordinances that contained the phrases "practical difficulty" or "unnecessary hardship," they are not otherwise substantially similar to section 85.01.08(B)(1) of Troy's Sign Ordinance. Defendant also argues that the terms "practical difficulty" and "unnecessary hardship" are defined in Michigan zoning cases. *See Johnson v. Robinson Twp.,* 420 Mich. 115,

125-26 (1984); *Norman Corp. v. East Tawas*, 263 Mich. App. 194, 203 (1991). There is no provision in the Sign Ordinance, however, requiring the Board to seek guidance from case law. Moreover, neither *Johnson* nor *Robinson* are First Amendment cases and neither considered whether the terms "practical difficulty" or "unnecessary hardship" are sufficiently narrow, objective, and definite standards under a First Amendment analysis.

The variance standard in the Sign Ordinance contains broad, subjective terms like those held to be unconstitutional in other cases. *See, e.g., Desert Outdoor Advertising v. Moreno Valley,* 103 F.3d 814, 817-19 (9th Cir. 1996) (standard for permit requiring "such a display will not have a harmful effect upon the health or welfare of the general public and will not be detrimental to the welfare of the general public and will not be detrimental to the aesthetic quality of the community or the surrounding land uses" provided no limits on city authority); *Macdonald*, 916 F. Supp. at 650; *Lamar Advertising Co. v. City of Douglasville, Georgia,* 254 F. Supp.2d 1321, 1329 (N.D. Ga. 2003) (variance criteria considering "the value of the surrounding property, the environment of the surrounding property, the public good, and the purpose of the zoning ordinance" provided "unbridled discretion" to city); *CBS Outdoor, Inc. v. City of Kentwood,* 2010 WL 3942842, at *9 (W.D. Mich. Oct. 6, 2010) (sign permit

scheme considering "the health, safety, and welfare of the public," "adverse effect on neighboring property," and "aesthetically compatible with its surroundings" provided "unfettered discretion"); *CBS Outdoor, Inc. v. City of Royal Oak*, 2012 WL 3759306, at *2 (E.D. Mich. Aug. 29, 2012). Accordingly, the court finds that the variance standard in the Troy Sign Ordinance, in effect prior to the 2018 amendment, creates an impermissible prior restraint in violation of the First Amendment.

IV. Severability

Defendant argues that Plaintiff's claim must nonetheless be dismissed because the variance provision is severable from the rest of the Sign Ordinance and, under the valid provisions of the ordinance, Plaintiff's signs would not be permitted because they exceed the allowable dimensions.

"Severability of a local ordinance is a question of state law." *City of Lakewood*, 486 U.S. at 772.  The Michigan Supreme Court "has long recognized that '[i]t is the law of this State that if invalid or unconstitutional language can be deleted from an ordinance and still leave it complete and operative then such remainder of the ordinance be permitted to stand.'" *In re Request for Advisory Opinion Regarding Constitutionality of 2011 PA 38*, 490 Mich. 295, 345 (2011) (quoting *Eastwood Park Amusement Co. v.*

*East Detroit Mayor*, 325 Mich. 60, 72 (1949)).  "The doctrine of severability holds that statutes should be interpreted to sustain their constitutionality when it is possible to do so." *Pletz v. Secretary of State,* 125 Mich. App. 335, 375 (1983).  "Whenever a reviewing court may sustain an enactment by proper construction, it will uphold the parts which are separable from the repugnant provisions." *Id.*  "To be capable of separate enforcement, the valid portion of the statute must be independent of the invalid sections, forming a complete act within itself." *Id*.

The court considers "first, whether the Legislature expressed that the provisions at issue were not to be severed from the remainder of the act.  If it did not, then [the court] must determine whether the unconstitutional portions are so entangled with the others that they cannot be removed without adversely affecting the operation of the act." *Blank v. Dep't of Corr.*, 462 Mich. 103, 123 (2000).

In the context of ruling upon Defendant's motion to dismiss, the court previously concluded that Plaintiff had sufficiently alleged that the variance provision is not severable from the rest of the Sign Ordinance, in part because the ordinance did not appear to contain a severability clause. Doc. 10 at 20-21.  Defendant brings the court's attention to the official version of the ordinance, which was not completely reproduced on its website, and

which contains the following severability clause: "Should any word, phrase, sentence, paragraph or section of this Ordinance be held invalid or unconstitutional, the remaining provision of this ordinance shall remain in full force and effect." Docs. 33-1, 33-2 at § 3.  According to the Troy City Clerk, this severability clause was enacted along with Chapter 85 of the Troy City Code (Sign Ordinance) in 2005 and remains in effect. *Id.*

The severability clause evidences the Troy City Council's intent that any unconstitutional provision should not be fatal to the entire ordinance. The remaining provisions of the Sign Ordinance – such as size and setback limitations – stand independently from the variance provision.  Plaintiff has not articulated how the variance provision is "so entangled" with the rest of the Sign Ordinance such that the variance provision's removal would impair the operation of the Sign Ordinance.  Accordingly, the court finds that the variance provision is severable from the Sign Ordinance.

It is undisputed that Plaintiff's proposed signs would exceed the Sign Ordinance's size limitations, which Plaintiff does not challenge.  Because these unchallenged provisions would preclude Plaintiff from erecting its signs, any injury suffered by Plaintiff as a result of the application of the severable variance provision is not redressable.  *See Midwest Media Property, L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 461-62, 464-65 (6th

Cir. 2007). In *Midwest Media*, the Sixth Circuit held that a sign company could not challenge a township's ban on off-site advertising because the proposed signs did not comply with the ordinance's height and size restrictions. *Id.* The court explained that even if the plaintiffs successfully challenged the off-site advertising ban, "that would not redress plaintiffs' injury because the size and height restrictions still would preclude the township from approving their sign applications and thus still would preclude plaintiffs from erecting each of these signs." *Id.* at 461-62.

Consistent with this authority, Plaintiff's claim for damages based upon its inability to erect its nonconforming signs fails as a matter of law. Accordingly, the court will grant summary judgment in favor of Defendant.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion for summary judgment (Doc. 29) is GRANTED and Plaintiff's motion for summary judgment (Doc. 26) is DENIED, consistent with this opinion and order.

Dated: January 18, 2019

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 18, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk