UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL OUTDOOR, INC.,

        Plaintiff,

vs.

Case No. 17-10335
HON. GEORGE CARAM STEEH

CITY OF TROY,

        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES (DOC. 36)

Plaintiff, International Outdoor, Inc. filed a motion for an award of attorney's fees, which is opposed by Defendant City of Troy. For the reasons explained below, Plaintiff's motion is denied.

## BACKGROUND FACTS

Plaintiff is an outdoor advertising company that erects billboards. On February 2, 2017, Plaintiff filed its complaint against the City of Troy, alleging that its Sign Ordinance violated the First Amendment. In Count I, Plaintiff alleged that the ordinance's variance process created an unconstitutional prior restraint on speech. In Count II, Plaintiff alleged that the ordinance was an unconstitutional regulation based upon content.

- 1 -

Defendant moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On June 30, 2017, the court denied Defendant's motion with respect to Count I, and granted the motion with respect to Count II. Defendant sought reconsideration, which the court denied on December 20, 2017. In doing so, the court emphasized that, in allowing Count I to proceed, it "did not rule that the Ordinance was an unconstitutional prior restraint. It merely concluded that plaintiff had stated a claim upon which relief could be granted." Doc. 13 at 3.

Thereafter, the parties engaged in discovery. Plaintiff filed a motion for summary judgment on September 20, 2018. The City of Troy amended its Sign Ordinance on October 1, 2018, to provide additional standards for and limits on granting variances. On October 31, 2018, Defendant also filed a motion for summary judgment.

Plaintiff conceded that the amended ordinance rendered its claims for declaratory and injunctive relief moot. The court found, however, that Plaintiff's claim for damages was not moot, and went on to discuss the merits of Count I. The court found that "the variance standard in the Troy Sign Ordinance, in effect prior to the 2018 amendment, creates an impermissible prior restraint in violation of the First Amendment." Doc. 34 at 10. The court also found that the variance provision was severable from

the rest of the ordinance, and that the surviving provisions precluded Plaintiff's claim. Plaintiff's proposed signs would exceed the Sign Ordinance's size limitations, which Plaintiff did not challenge. "Because these unchallenged provisions would preclude Plaintiff from erecting its signs, any injury suffered by Plaintiff as a result of the application of the severable variance provision is not redressable." Doc. 34 at 12 (citing *Midwest Media Property, L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 461-62, 464-65 (6th Cir. 2007)). In order words, the court determined that Plaintiff ultimately lacked standing. *Midwest Media*, 503 F.3d at 461-62 (plaintiff must show, as an element of standing, that "the injury will be redressed by a favorable decision").

The court entered an order granting Defendant's motion and denying Plaintiff's motion, as well as a judgment in favor of Defendant, on January 18, 2019. Contending that it is the prevailing party, Plaintiff now seeks attorney's fees pursuant to 42 U.S.C. § 1988.

## LAW AND ANALYSIS

Section 1988 provides that in a § 1983 action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs. . . ." 42 U.S.C. § 1988(b). The term "prevailing party" is "a legal term of art." *Buckhannon Bd. and Care Home, Inc., v. West Va. Dept.*

*of Health & Human Resources*, 532 U.S. 598, 603 (2001).  A prevailing party is a "party in whose favor a judgment is rendered." *Id.*  "[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id.* at 604 (citation omitted).

Plaintiff argues that it is the prevailing party in this action because it obtained favorable rulings from the court that caused the City of Troy to amend its ordinance.  Plaintiff claims that "Troy changed its variance procedure only *after* the Court's determination that it was facially unconstitutional." Doc. 36 at 15.[1]  To be clear, the court denied Defendant's motion to dismiss as to Count I.  In doing so, it did not declare the City of Troy's variance procedure to be facially unconstitutional.  Rather, the court ruled that Count I did not fail to state a claim.  The court did not grant relief in favor of Plaintiff.

In this context, the City of Troy's amendment of the Sign Ordinance was a voluntary change in conduct.  The Supreme Court has rejected the argument that a party is entitled to attorney's fees because its lawsuit brought about a voluntary change in the defendant's conduct. *See*

---

[1] "In assessing fee requests, the Court . . . tends to eschew fact-based and speculative inquires into why government bodies altered their conduct," in part to avoid a "second major litigation." *McQueary*, 614 F.3d at 598.

*Buckhannnon*, 532 U.S. at 600-605 ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change."). Rather, the Court found that there must be a "material alteration of the legal relationship between the parties," such as a judgment on the merits or a "court-ordered consent decree." *Id.* at 604-605. Under certain circumstances, a party who has obtained relief in the form of a preliminary injunction may also be eligible for attorney's fees. *See McQueary v. Conway*, 614 F.3d 591, 597-601 (6th Cir. 2010).

Here, Plaintiff has not obtained court-ordered relief in any form. *See Buckhannon*, 532 U.S. at 605-606 (noting that court has not awarded attorney's fees when a plaintiff "acquired a judicial pronouncement that the defendant has violated the Constitution unaccompanied by '*judicial* relief'") (emphasis in original). To the contrary, the court entered judgment in favor of Defendant. A prevailing party is not "a litigant who left the courthouse emptyhanded." *Id.* at 614 (Scalia, J., concurring). Plaintiff is not the prevailing party in this action and is not entitled to attorney's fees under § 1988. *See also Lynch v. Leis*, 382 F.3d 642, 646 (6th Cir. 2004) (a party who lacked standing "is not a proper prevailing party").

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's motion for attorney's fees (Doc. 36) is DENIED.

Dated: April 2, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 2, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---